# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3044

_____

United States of America,   *
            *
     Appellee,    *
            *  Appeal from the United States
   v.         *  District Court for the
            *  District of South Dakota.
Herbert Lyle Swallow,    *
            *  [UNPUBLISHED]
     Appellant.    *

_____

Submitted: August 31, 2006
Filed: September 6, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Herbert Lyle Swallow appeals the sentence the district court[1] imposed after he pleaded guilty to knowingly engaging in a sexual act with another person who was incapable of appraising the nature of the conduct and was physically incapable of declining participation, in violation of 18 U.S.C. §§ 1153, 2242(2), and 2246(2)(A). He argues that the district court erred in including a vulnerable-victim enhancement in its advisory Guidelines calculation.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

We conclude that the district court did not clearly err in applying the enhancement based on its finding that Swallow "knew or should have known" that the victim was a "vulnerable victim." *See* U.S.S.G. § 3A1.1(b)(1); *United States v. Anderson*, 349 F.3d 568, 571 (8th Cir. 2003) (standard of review). A vulnerable victim is a person "who is unusually vulnerable due to age [or] physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2). While Swallow argues that his intoxication and alcoholic blackout kept him from realizing the victim's vulnerability due to her own intoxication, he does not deny that he had been drinking with the victim and that she had passed out. The record supports the district court's determination that Swallow should have known that the victim was unusually vulnerable.

Accordingly, we affirm.

_____